Megan E. Glor, OSB No. 930178
Email: megan@meganglor.com
John C. Shaw, OSB No. 065086
Email: john@meganglor.com
Megan E. Glor, Attorneys at Law, PC
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: (503) 223-7400
Fax: (503) 751-2071

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **JANE A. MEDEFESSER,** | Case No.  6:18-cv-41 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132 (a)(1)(B))** |
| **METROPOLITAN LIFE INSURANCE COMPANY,** | |
| Defendant. | |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff, Jane A. Medefesser, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA"). Plaintiff seeks to recover from Defendant, Metropolitan Life Insurance Company ("MetLife"), unpaid short-term disability ("STD") benefits and unpaid long term disability ("LTD") benefits

**COMPLAINT - Page 1 of 6**

pursuant to the terms of a group STD policy and under the terms of a group LTD policy issued by MetLife to Juniper Networks, Inc. ("Juniper Networks"), under 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks her unpaid STD and LTD benefits, interest on the unpaid benefits, plus her costs and attorney fees, pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred on this court by 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits due under the terms of an employee welfare benefit plan, as well as other declarative relief, and attorney fees and costs.

3.

Venue is proper in this district court pursuant to 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391.

## THE PARTIES

4.

At all times material herein, Plaintiff has been an individual residing in Marion County, state of Oregon.

5.

At all times material herein, Plaintiff was employed by Juniper Networks as a Senior Staff Engineer and was a participant in the Juniper Networks STD and LTD Policies (the "STD Policy" and the "LTD Policy").

6.

The LTD Policy is an employee welfare benefit plan under 29 U.S.C. § 1002(1).

**COMPLAINT - Page 2 of 6**

7.

At all times material herein, Juniper Networks was the plan sponsor of the STD Policy and of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(B).

8.

At all times material herein, Juniper Networks was the plan administrator of the STD Policy and of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(A).

9.

At all times material herein, MetLife was the claims administrator of the STD Policy and of the LTD Policy within the meaning of 29 U.S.C. § 1002(16)(A) and administered Plaintiff's claim for benefits under the STD Policy and under the LTD Policy.

## FACTS

10.

Plaintiff became disabled on March 10, 2014, due to symptoms of, *inter alia*, fibromyalgia and myofascial pain syndrome, including, *inter alia*, joint pain, migraine headaches, chronic fatigue, and cognitive dysfunction.

11.

Plaintiff applied to MetLife for STD benefits in or about March 2014.

12.

By letter dated April 14, 2014, MetLife notified Plaintiff that it had denied her STD claim.

13.

Plaintiff appealed MetLife's denial of her STD claim on or about April 21, 2014.

/ /

**COMPLAINT - Page 3 of 6**

14.

By letter dated August 29, 2014, MetLife informed Plaintiff that it had denied her appeal.

15.

Plaintiff applied for LTD benefits through the LTD Policy on or about February 23, 2015.

16.

By letter dated April 31, 2015, MetLife notified Plaintiff that it had denied her LTD claim.

17.

Plaintiff appealed MetLife's denial of her LTD claim on or about January 5, 2016.

18.

By letters dated February 22, 2016 and February 25, 2016, MetLife informed Plaintiff that it had reversed its LTD claim denial and approved Plaintiff's LTD claim effective March 10, 2015, following the LTD Policy's 365-day waiting (elimination) period.

19.

By letter dated March 8, 2017, MetLife informed Plaintiff that MetLife had terminated her LTD claim and monthly benefit effective March 9, 2017.  MetLife asserted that Plaintiff no longer satisfied the LTD Policy's applicable definition of disability.

20.

Plaintiff appealed MetLife's LTD claim termination on or about June 23, 2017.

21.

By letter dated August 22, 2017, MetLife informed Plaintiff that MetLife had denied her appeal.

/ /

**COMPLAINT - Page 4 of 6**

# CLAIM

### FIRST CLAIM – FOR UNPAID STD AND LTD BENEFITS, ENFORCEMENT OF RIGHTS AND CLARIFICATION OF FUTURE LTD BENEFIT RIGHTS UNDER ERISA § 502(A)(1)(B), 29 U.S.C. § 1132(A)(1)(B)

22.

Plaintiff re-alleges paragraphs 1 through 21, above.

23.

Plaintiff has completed all steps required prior to the filing of this Complaint under the terms of the STD Policy and the LTD Policy and under ERISA.

24.

Pursuant to ERISA, 29 U.S.C. § 1132 (a)(1)(B), Plaintiff seeks to recover benefits due her under the terms of the STD Policy and under the terms of the LTD Policy, to enforce her rights under the terms of the STD Policy and under the terms of the LTD Policy, and/or to clarify her right to future benefits under the terms of the LTD Policy.

25.

Pursuant to ERISA, 29 U.S.C. § 1132 (a)(1)(B), Plaintiff seeks a declaration from this Court that she was disabled under the terms of the STD Policy from on or about March 7, 2014, and continuing through the 52-week benefit period provided by the STD Policy and entitled to receive STD benefits for that entire period.

26.

Pursuant to ERISA, 29 U.S.C. § 1132 (a)(1)(B), Plaintiff seeks a declaration from this Court that she has been and remains disabled and entitled to receive LTD benefits under the LTD Policy and that Defendant erroneously and arbitrarily terminated her LTD claim and benefits effective on or about March 9, 2017.

**COMPLAINT - Page 5 of 6**

Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, Oregon 97212
(503) 223-7400

27.

Pursuant to ERISA, 29 U.S.C. § 1132(g), Plaintiff seeks an award of her attorney fees and costs.

**WHEREFORE**, Plaintiff prays that she have and recover judgment in her favor and against MetLife as follows:

(1) That this Court declare that by denying Plaintiff STD benefits and refusing to pay Plaintiff those benefits, Defendant violated the terms of the STD Policy and denied Plaintiff her rights under the STD Policy;

(2) That this Court order Defendant to pay Plaintiff the STD benefits to which she is entitled under the STD Policy, together with prejudgment interest on those benefits;

(3) That this Court declare that by terminating Plaintiff LTD claim and benefits and refusing to pay Plaintiff those benefits commencing March 10, 2017, Defendant violated the terms of the LTD Policy and denied Plaintiff her rights under the LTD Policy;

(4) That this Court order Defendant to pay Plaintiff the LTD benefits she is entitled to receive commencing March 10, 2017, and continuing through the date of judgment, together with prejudgment interest on those benefits;

(5) That this Court order Defendants to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

(6) That this Court award Plaintiff additional and further relief as this Court finds just and equitable.

DATED this 8th day of January, 2018.

                s/ Megan E. Glor
                Megan E. Glor, OSB No. 930178
                (503) 223-7400
                Of Attorneys for Plaintiff

**COMPLAINT - Page 6 of 6**

Megan E. Glor
Attorneys at Law
707 NE Knott Street, Suite 101
Portland, Oregon 97212
(503) 223-7400